IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS BURTON UNDERWOOD,                         Case No. 2:20-cv-01670-SB

                Plaintiff,                                          **ORDER**

          v.

COX, et al.,

                Defendants.

**Hernández, District Judge.**

      Plaintiff Dennis Burton Underwood ("Underwood"), an individual in custody at Snake River Correctional Institution ("SRCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Presently before the Court is Underwood's Motion for Preliminary Injunction and Motion for Temporary Restraining Order (ECF No. 12). For the reasons that follow, the Court denies Underwood's motion.

**BACKGROUND**

      On September 25, 2020, Underwood filed a complaint in this Court (ECF No. 2), alleging that several state and federal defendants denied him access to the law library and law library services, denied him his legal property, and retaliated against him for filing grievances and

pursuing litigation challenging the adequacy of SRCI's law library. On December 11, 2020, the

Court screened Underwood's complaint pursuant to 28 U.S.C. § 1915A, and dismissed with

prejudice two federal defendants shielded from suit by judicial and quasi-judicial immunity (ECF

No. 9). The six remaining state defendants have not been served with the complaint nor have any

entered an appearance in this case.[1]

On December 13, 2020,[2] Underwood filed the instant motion, largely reasserting the

allegations set forth in his complaint. Specifically, Underwood claims that he has been denied

access to the law library or law library services on several occasions between 2018 and the

present, and that "[d]ue to delays in providing library services, denial period of law library

services, and repeatedly getting irrelevant case law [in response to his inquiries submitted to law

library coordinators], plaintiff is behind on research and preparation of ongoing non-frivolous

litigation and concurrently behind on case law check-out and research." (Mot. at 1; Decl. Supp.

Pl.'s Mot. (ECF No. 13), ¶ 24.) He alleges that most recently he has been denied access to the

law library and law library services from November to December 2020, and thus has been unable

to research and prepare legal briefs ahead of January filing deadlines in his federal habeas case,

*Underwood v. Cain*, Civ. No. 2:20-cv-00041-SB, and his state post-conviction case. (Decl. Supp.

---

[1] The Court issued a Notice of Lawsuit and Request for Waiver of Service of Summons (ECF No. 10) to the Oregon Department of Justice (the "DOJ") on December 17, 2020. The DOJ must waive service on behalf of the state defendants, if they plan to do so, within thirty days. At present, the Court has not yet received a response.

[2] The cited filing date reflects the date on which Underwood signed the instant motions and presumably delivered them to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (determining that a self-represented individual in custody filed his notice of appeal "at the time [he] delivered it to the prison authorities for forwarding to the court clerk"); *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (holding that the prison mailbox rule announced in *Houston* applies to Section 1983 cases brought by prisoners proceeding *pro se*). The Court did not receive and docket the motion until December 18, 2020.

¶ 27.) Underwood therefore seeks a court order requiring "restoration of law library services at least once weekly, expansion of limit on case law check-out, waiver on check-out of 'restricted' federal law books, paging system to facilitate expanded case law and restricted federal law book check-out and possible COVID-19 lockdown, and copies of DVDs of 10/30/15 interview [from his state criminal case]." (Mot. at 1.)

## ANALYSIS

### I.    STANDARD OF REVIEW

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the defendant is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). To establish entitlement to a preliminary injunction, a plaintiff generally is required to demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. "The elements of [this] test are balanced, so that a stronger showing of one element may offset a weaker showing of another. For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

In the alternative, the Ninth Circuits recognize that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132. Thus, a court may enter a preliminary injunction "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012) (citing *Alliance for the Wild Rockies*, 632 F.3d at 1132).

Courts apply a more exacting standard when the moving party seeks a mandatory, as opposed to a prohibitory, preliminary injunction. *See Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984) ("In cases such as the one before us in which a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary injunction") (citing *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1980)). Mandatory injunctive relief is disfavored, and should be denied at the preliminary injunction stage unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994).

The standard for granting a temporary restraining order is "substantially identical" to the standard for granting a preliminary injunction (*Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)), with certain caveats. Under Federal Rule of Civil Procedure 65(b), a temporary restraining order may issue without notice to the opposing party or the opposing party's attorney only if the movant shows (i) through "specific facts in an affidavit or a verified complaint" that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[,]" and (ii) that "the movant's attorney certifies in writing any efforts made to give notice and reasons why it should not be required." FED. R. CIV. P. 65(b)(1).

Finally, where an individual in custody seeks a preliminary injunction or temporary restraining order with respect to prison conditions, such relief, if granted, "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

## II.    DISCUSSION

Underwood alleges that SRCI has an "affirmative obligation to provide [him with] meaningful and adequate law library access," and that "SRCI law library coordinators [instead]

have become . . . an apparatus of delay." (Mot. at 6.) He argues that the "[c]ontinuing, strategic, and historical misconduct of the [state] defendants is a 'real or immediate threat[,]'" and that "there is a 'likelihood of substantial and immediate irreparable injury' from continuing and accumulated denial of law library services" warranting immediate injunctive relief. (*Id.* at 7.) Underwood offers a declaration cataloguing his own perceptions, grievances, and recollection of events, but provides no additional documentation or exhibits to support his claims.

Underwood fails to meet his burden for preliminary injunctive relief. A preliminary injunction "should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original). Here, Underwood has not provided sufficient evidence to demonstrate that he is likely to succeed on the merits of his claims or that he will suffer irreparable harm without immediate judicial intervention.

There is no "freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Rather, "prison law libraries and legal assistance programs are . . . only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Id.* (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). To prevail on a denial of access to the courts claim based on the denial of law library services, Underwood must show that "the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* at 351. In other words, Underwood must show that he has suffered or imminently will suffer actual injury, and cannot do so "by establishing that a prison's law library or legal assistance program is sub-par in some theoretical sense." *Id.*

///

Underwood's motion and accompanying declaration detail numerous criticisms of SRCI's law library services—including the manner and frequency of access, the system in place for making inquiries concerning specific legal topics, and limitations on the number and type of materials that may be checked out from the law library—but he only vaguely alleges that these issues have resulted in unidentified "prejudice to nonfrivolous litigation." Although he claims that the current denial of law library services is impeding his ability to prepare briefing in advance of upcoming deadlines, he does not allege that he has sought and been denied extensions in his federal habeas and state post-conviction cases, nor has he explained why he is unable to proceed without the increased access he requests here. *See Lindquist v. Idaho State Bd. of Corr., 776 F.2d 851, 858 (9th Cir. 1985)* (holding that "the Constitution does not guarantee a prisoner unlimited access to a law library," that "[p]rison officials of necessity must regulate the time, manner, and place in which library facilities are used," and "[t]he fact that an inmate must wait for a turn to use the library does not necessarily mean that he has been denied meaningful access to the courts"). Indeed, Underwood drafted and filed the instant motion, his declaration in support, and a motion for appointment of counsel without law library access.

In sum, Underwood has failed to demonstrate that he is entitled to the "extraordinary remedy" of preliminary injunctive relief because he has not established that he has suffered an actual injury, or that he is in danger of suffering immediate and irreparable injury as a result of limited access to SRCI's law library and law library services. Accordingly, the Court denies Underwood's motion for a preliminary injunction and temporary restraining order.

///

///

///

## CONCLUSION

For the reasons stated herein, the Court DENIES Underwood's Motion for Preliminary

Injunction and Motion for Temporary Restraining Order (ECF No. 12).

**IT IS SO ORDERED.**

DATED this    23    day of December, 2020.

MARCO A. HERNÁNDEZ
United States District Judge