IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DENNIS BURTON UNDERWOOD, | Case No. 2:20-cv-01670-SB |
| Plaintiff, | **ORDER** |
| v. | |
| COX *et al.*, | |
| Defendants. | |

**Hernández, District Judge.**

      Plaintiff Dennis Burton Underwood ("Underwood"), a self-represented litigant who was in custody at the Snake River Correctional Institution ("SRCI") at the time of filing, filed this civil rights action pursuant to 42 U.S.C. § 1983. Presently before the Court are Underwood's Motions for Preliminary Injunction/Temporary Restraining Order (ECF No. 53) and for Declaratory Judgment (ECF No. 54). For the reasons stated herein, the Court DENIES Underwood's Motions.

///

PAGE 1 – ORDER

## BACKGROUND

Underwood filed this lawsuit on September 25, 2020, alleging that several state and federal defendants[1] denied him access to the law library and law library services, denied him his legal property, and retaliated against him for filing grievances and pursuing litigation challenging the adequacy of SRCI's law library. (ECF No. 2.) The Court denied Underwood's previous request for preliminary injunctive relief in December 2020. (ECF No. 15.)

On June 28, 2021, Underwood filed the instant motions, seeking a court order requiring "the cessation of interference with delivery of plaintiff's legal mail" or, in the alternative, a declaratory judgment concerning the timeliness of legal mail delivery at SRCI.[2] (Mot. for Prelim. Inj. at 1; Mot. for Decl. J. at 1, 3.)

Defendants responded to Underwood's motions on July 29 and July 30, 2021, arguing, among other things, that Underwood's impending release date would render his requests for declaratory and injunctive relief moot. (Defs.' Resp. in Opp'n to Pl.'s Mot. for Prelim. Inj./TRO (ECF No. 63) at 7; Defs.' Resp. in Opp'n to Pl.'s Mot. for Decl. J. (ECF No. 65) at 4.)

The docket indicates that by the time Underwood filed a reply in support of his motions on August 16, 2021,[3] he had already transferred out of SRCI to another institution, presumably in preparation for his release. (*See* ECF No. 69 (notice explaining that electronic legal mail is undeliverable because Underwood "is no longer located at [SRCI]").) Underwood was released

---

[1] The Court dismissed the federal defendants from this action based on judicial and quasi-judicial immunity. (ECF No. 9.)

[2] As Defendants point out, Underwood does not state in his motion the precise declaration he is seeking here.

[3] The Court construes Underwood's concurrently filed motion for extension of time to file his reply (ECF No. 71) as a request for leave to reply and GRANTS the motion.

from custody shortly thereafter. (*See* Decl. of Chris Shupe (ECF No. 64) ¶4 (explaining that Underwood's tentative release date was August 27, 2021); *see also* Pl.'s Notice of Change of Address (ECF No. 83) (providing the Court with post-release contact information).)

## DISCUSSION

Underwood seeks declaratory and injunctive relief, arguing that the "[state] defendants delay or deny [the delivery of] plaintiff's legal mail and he is unable to learn of court [rulings and] deadlines" in "non-frivolous litigation" to which he is party. (Mot. for Prelim. Inj. at 2, 6.) The Court need not address the merits of Underwood's motions because his release from prison moots his requests for injunctive and declaratory relief.

Generally, a claim becomes moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (simplified). "A request for injunctive relief remains live only so long as there is some present harm left to enjoin." *Bayer v. Neiman Marcus Grp.*, 861 F.3d 853, 864 (9th Cir. 2017) (quoting *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1502 (D.C. Cir. 1995)). An individual in custody's "release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action[,]" and "[t]he same is true for claims seeking declaratory relief." *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (simplified). As the Ninth Circuit has explained:

> Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim. Any declaratory or injunctive relief ordered in the inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted. And the [released] inmate has no further need for such declaratory or injunctive relief, for he is free of the policy or practice that provoked his lawsuit in the first place.

*Id.* (quoting *Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007)).

PAGE 3 – ORDER

Here, Underwood seeks prospective relief based on SRCI's handling of his legal mail, but he is no longer incarcerated and therefore no longer subject to SRCI's legal mail policies. Furthermore, Underwood does not claim that Defendants are continuing to violate his constitutional rights now that he has been released from custody, *see Cuellar v. Madera Cnty. Dep't of Corr.*, Case No. 1:20-cv-00388-HBK, 2021 WL 3077370, at *2 (E.D. Cal. July 21, 2021) (denying as moot the plaintiff's request for injunctive relief challenging prison legal mail policies where the plaintiff was out of custody and did "not claim that Defendants are taking ongoing actions to violate his access to the courts now that he has been released from custody"), nor has he demonstrated a "reasonable expectation of returning to [the prison]." *Valasquez v. Diaz*, Case No. 1:19-cv-00683-DAD-BAM (PC), 2021 WL 3911309, at *3 (E.D. Cal. Sept. 1, 2021) (quoting *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curium)). Accordingly, Underwood's motions for declaratory and injunctive relief are moot and must be denied.

## CONCLUSION

Based on the foregoing, the Court DENIES AS MOOT Underwood's Motion for Preliminary Injunction/Temporary Restraining Order (ECF No. 53) and Motion for Declaratory Judgment (ECF No. 54).

**IT IS SO ORDERED.**

DATED this   24   day of October, 2021.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge

PAGE 4 – ORDER